Per Curiam.

The record before us on this appeal is not entirely clear. It appears that, in consequence of the unavailability of defendant’s former attorney, defendants trial counsel *736 was retained two days before the date set for his trial. On denial of his application for adjournment to permit preparation by the defense, defendant’s counsel announced that the defendant was ready for trial. The jury was drawn; openings were completed; and the trial was recessed over an intervening weekend. On Monday and Tuesday mornings the People’s case was put in. The defendant then took the stand. His cross-examination opened with reference by the District Attorney to testimony given by him on an earlier trial which had ended in a mistrial. Counsel for the defendant promptly moved for a continuance to afford him an opportunity to examine the minutes of that former trial of which he asserts that he had no prior knowledge. The motion was denied and cross-examination continued. Following preliminary scrutiny of the minutes of the first trial, furnished by the District Attorney the following morning, counsel for the defendant moved to reopen his cross-examination of the People’s witnesses on the basis of inconsistencies in their prior testimony. This motion was denied. The trial was completed, ending in verdicts of guilty.
The present record contains an affidavit of defendant’s trial counsel that he first learned of the prior trial during the course of the second trial and only after the People’s case had been presented, when the District Attorney used the prior testimony on cross-examination of the defendant. The record also discloses the belief of the Trial Judge, with no basis articulated therefor, that counsel had known of the prior trial. The case jacket, presumably available to counsel’s inspection both in the clerk’s office and in the Trial Part, reveals the fact of the prior mistrial.
In this confused state of the record, recognizing as we do both, the importance to the defendant of the principles enunciated in People v. Rosario (9 N Y 2d 286) and the equal importance, to avoid unwarranted delay, of insistence on timely application for minutes of prior trials and hearings (People v. Sanders, 31 N Y 2d 463), we conclude that this case should be remitted to the Supreme Court, New York County, for the purpose of holding a hearing to determine whether defendant’s counsel knew, or by the exercise of reasonable diligence should have known, of the first trial, when he announced that the defendant was ready in the second trial. Pending such determination, and appellate review thereof, if any, this appeal should be held in abeyance.
*737 Chief Judge Fuld and Judges Burke, Bbeitel, Jasen, Gabrielli, Jones and Wachtler concur in Per Curiam opinion.
On defendant’s appeal from the order which affirmed the denial of defendant’s cor am nobis application: Order reversed and the matter remitted to Supreme Court, New York County, for a hearing in accordance with the opinion herein.
On defendant’s appeal from the order which affirmed the judgment of conviction: Determination withheld.